Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

SOUTHERN District of GEORGIA

WAYCROSS Division

Case No.     CV 525-062

*(to be filled in by the Clerk's Office)*

CLARENCE BROWN

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

–v–

SEE ATTACHED

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                        CLARENCE BROWN

All other names by which
you have been known:

ID Number                   #1003739790

Current Institution         WARE STATE PRISON

Address                     3620 HARRIS ROAD

                            WAYCROSS        GA        31503
                            *City*          *State*   *Zip Code*

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                        ROY ODUM

Job or Title *(if known)*   WARDEN

Shield Number

Employer                    GEORGIA DEPARTMENT OF CORRECTIONS

Address                     300 PATROL ROAD

                            FORSYTH         GA        31029
                            *City*          *State*   *Zip Code*

[X] Individual capacity    [X] Official capacity

Defendant No. 2

Name                        LUTRIA JONES

Job or Title *(if known)*   DEPUTY WARDEN CARE AND TREATMENT

Shield Number

Employer                    GEORGIA DEPARTMENT OF CORRECTIONS

Address                     300 PATROL ROAD

                            FORSYTH         GA        31029
                            *City*          *State*   *Zip Code*

[X] Individual capacity    [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name ERIC COX

Job or Title *(if known)* DEPUTY WARDEN SECURITY

Shield Number

Employer GEORGIA DEPARTMENT OF CORRECTIONS

Address 300 PATROL ROAD

FORSYTH        GA       31029
    *City*      *State*    *Zip Code*

☒ Individual capacity    ☒ Official capacity

Defendant No. 4

Name JOHN/JANE DOES 1-X

Job or Title *(if known)*

Shield Number

Employer

Address

    *City*      *State*    *Zip Code*

☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

IM CLAIMING THAT MY RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, WICH PROHIBITS CRUEL AND UNUSUAL PUNISHMENT, WERE VIOLATED. PRISON OFFICIALS FAILED TO PROTECT ME FROM A KNOWN AND SUBSTANTIAL RISK OF SERIOUS HARM FROM OTHER INMATES, DESPITE CLEAR CONSTITUTIONAL OBLIGATIONS TO ENSURE MY SAFETY. THERE WAS A COMPLETE LACK OF STAFF SUPERVISION IN DORM D-1 AND THE C AND D YARD DURING THE TIME (SEE ATTACHED)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

THE WARDEN WAS ACTING UNDER COLOR OF STATE LAW BECAUSE AT ALL RELEVANT TIMES, THEY WERE EMPLOYED BY THE DEPARTMENT OF CORRECTIONS AND EXCERCISED AUTHORITY OVER THE PRISON, ITS STAFF AND POLICIES. THE WARDEN FAILED TO ENSURE ADQUATE STAFFING LEVELS AND SAFE CONDITIONS, WICH DIRECTLY CONTRIBUTED TO THE CIRCUMSTANCES OF THE ASSAULT. THE WARDEN OF CARE AND TREATMENT WAS ACTING UNDER COLOR OF STATE LAW (SEE ATTACHED)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

THE EVENTS GIVING RISE TO MY CLAIM OCCURRED AT WARE STATE PRISON LOCATED IN WAYCROSS GEORGIA, ON OR ABOUT AUGUST 14, 2024, BETWEEN 8:00 AM AND 9:00 AM IN DORM D1 IN THE DAYROOM ON THE BOTTOM RANGE IN FRONT OF ROOM 6, AND THE C AND D YARD AREA. AT THAT TIME I WAS INCARCERATED AT WARE (SEE ATTACHED)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

THE EVENTS GIVING RISE TO MY CLAIM OCCURED ON AUGUST 14, 2024, AT APPROXIMATELY 8:00 TO 9:00 AM. WHILE I WAS HOUSED AT WARE STATE PRISON, DORM D1

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

ON AUGUST 14, 2024, AT APPROXIMATELY 8:00 TO 9:00 AM, I WAS HOUSED AT WARE STATE PRISON IN DORM D1. DURING THIS TIME I WAS VIOLENTLY ASSAULTED BY APPROXIMATELY FIVE GANG-AFFILIATED INMATES. THERE WERE NO CORRECTIONAL OFFICERS PRESENT IN THE CONTROL BOOTH OR ANYWHERE ON THE C AND D YARD, LEAVING THE AREA COMPLETELY UNMONITORED AND UNPROTECTED, WICH ALLOWED THE ATTACK TO OCCUR. I WAS STABBED AND HIT MULTIPLE TIMES WITH WEAPONS RESEMBLING KNIVES AND MACHETES. I FOUGHT FOR MY LIFE WHILE SUFFERING SEVERE WOUNDS (SEE ATTACHED)

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

AS A RESULT OF THE ASSAULT ON AUGUST 14, 2024, I SUSTAINED THE FOLLOWING SERIOUS INJURIES: • FOURTEEN STAB WOUNDS, SOME DEEP AND SOME WIDE, • A BROKEN LEFT SHOULDER, • SEVERED TENDONS IN MY LEFT ARM FROM MACHETE STRIKES, • A BRUISED AND PARTIALLY COLLAPSED LUNG, • STAB WOUND TO MY HIP CAUSING CHRONIC PAIN, • LOSS OF FUNCTION AND SEVERE STIFFNESS IN MY LEFT HAND, • NERVE DAMAGE CAUSING NUMBNESS IN MY LEFT RING FINGER, • SIGNIFICANT BLOOD LOSS REQUIRING A BLOOD TRANSFUSION. AT WARE STATE PRISON, I WAS INITIALLY SEEN BY MEDICAL STAFF AFTER THE ATTACK (SEE ATTACHED)

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I AM REQUESTING THAT THE COURT: 1.) AWARD COMPENSATORY DAMAGES IN THE AMOUNT OF $5,000,000 FOR THE PHYSICAL PAIN, MENTAL, AND EMOTIONAL SUFFERING, PERMANENT INJURY, AND LOSS OF USE OF MY ARM AND HAND RESULTING FROM THE STABBING AND THE PRISON'S FAILURE TO PROTECT ME AND PROVIDE ADEQUATE MEDICAL CARE. 2.) AWARD PUNITIVE DAMAGES IN THE AMOUNT OF $2,000,000 TO PUNISH THE RESPONSIBLE OFFICIALS AND DETER SIMILAR MISCONDUCT IN THE FUTURE. 3.) ORDER THAT I RECEIVE IMMEDIATE AND ONGOING MEDICAL CARE, INCLUDING PHYSICAL THERAPY AND TREATMENT FOR MY INJURIES. 4.) GRANT ANY ADDITIONAL RELIEF THE COURTS FIND JUST AND APPROPRIATE. BASIS FOR MY CLAIMS: • I SUFFERED LIFE-THREATENING INJURIES DUE A VIOLENT ASSAULT THAT OCCURRED WHILE THERE WERE NO OFFICERS THERE TO (SEE ATTACHED)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.    **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

WARE STATE PRISON (BUILDING/DORM D1)

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

THE GRIEVANCE PROCEDURE AT WARE STATE PRISON COVERS INMATE SAFETY, STAFF CONDUCT, ACCESS TO MEDICAL CARE, AND LIVING CONDITIONS, WHICH ARE All RELEVANT TO MY CLAIMS. I SUBMITTED A GRIEVANCE REGARDING THE ASSAULT, lack OF MEDICAL TREATMENT, lack OF OFFICER PRESENCE, AND THE CONTINUED DENIAL OF MEDICAL CARE AND THERAPY. MY GRIEVANCE WAS DENIED AS "UNTIMELY" AND THEN ADMINISTRATIVELY closed ON APPEAL, DESPITE THE SEVERITY OF MY INJURIES AND THE CIRCUMSTANCES.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

WARE STATE PRISON

2.    What did you claim in your grievance?

IN MY GRIEVANCE, I CLAIMED THAT ON AUGUST 14, 2024, I WAS ASSAULTED BY APPROXIMATELY FIVE GANG AFFILIATED INMATES IN DORM D1 AT WARE STATE PRISON DUE TO THE ABSENCE OF CORRECTIONAL OFFICERS IN THE AREA. AS A RESULT I WAS STABBED MULTIPLE TIMES, SUSTAINED 14 WOUNDS, A BROKEN SHOULDER, SEVERED TENDONS, AND A BRUISED PARTIALLY COLLAPSED LUNG. I ALSO CLAIMED THAT AFTER BEING TRANSFERRED TO WARE STATE PRISON I WAS (SEE ATTACHED)

3.    What was the result, if any?

MY GRIEVANCE WAS DENIED ON THE GROUNDS THAT IT WAS FILED "UNTIMELY" DESPITE THE FACT THAT I WAS HOSPITALIZED AND RECOVERING FROM LIFE-THREATENING INJURIES AT THE TIME. I APPEALED THE DENIAL, BUT THE APPEAL WAS LATER ADMINISTRATIVELY CLOSED WITHOUT A RESOLUTION. AS A RESULT, NONE OF THE REMEDIES I REQUESTED WERE GRANTED.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

AFTER MY INITIAL GRIEVANCE WAS DENIED AS "UNTIMELY", I SUBMITTED AN APPEAL ACCORDING TO THE PRISON'S GRIEVANCE PROCEDURE. I WAITED SEVERAL MONTHS FOR A RESPONSE. EVENTUALLY, I RECEIVED NOTICE THAT THE APPEAL WAS ADMINISTRATIVELY CLOSED WITHOUT EXPLANATION. I WAS NEVER GIVEN A FORMAL OPPORTUNITY TO PRESENT FURTHER INFORMATION OR COMPLETE THE APPEAL AT THE HIGHEST LEVEL. DESPITE MY EFFORTS TO FOLLOW THE PROPER PROCEDURES, I WAS EFFECTIVELY BLOCKED FROM EXHAUSTING ALL MY REMEDIES DUE TO INSTITUTIONAL DELAY AND REFUSAL TO PROCESS MY CLAIMS. THEREFORE, (SEE ATTACHED)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

     1.    If there are any reasons why you did not file a grievance, state them here:

     2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I WAS HOSPITALIZED FROM AUGUST 14 TO AUGUST 29, 2024, DUE TO THE SEVERITY OF MY INJURIES, INCLUDING STAB WOUNDS, A BROKEN SHOULDER, SEVERED TENDONS, AND A COLLAPSING LUNG. UPON RETURNING TO PRISON CUSTODY, I WAS PLACED IN (SEE ATTACHED)

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
      action?

      ☐ Yes

      ☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is
      more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

      1.   Parties to the previous lawsuit
           Plaintiff(s)    _____
           Defendant(s)   _____

      2.   Court *(if federal court, name the district; if state court, name the county and State)*

           _____

      3.   Docket or index number

           _____

      4.   Name of Judge assigned to your case

           _____

      5.   Approximate date of filing lawsuit

           _____

      6.   Is the case still pending?

           ☐ Yes

           ☐ No

           If no, give the approximate date of disposition_ _____

      7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered
           in your favor? Was the case appealed?)*

           _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your
      imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    06/18/2025

Signature of Plaintiff        CB

Printed Name of Plaintiff     CLARENCE BROWN

Prison Identification #       1003239790

Prison Address                WARE STATE PRISON 3620 HARRIS ROAD

                              WAYCROSS            GA      31503
                              _City_              _State_  _Zip Code_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____
Address                      _____
                             _____
                             _City_    _State_    _Zip Code_

Telephone Number             _____
E-mail Address               _____

DEFENDANTS         SEE PAGE 1

1. Roy Odum, Warden; Responsible for overall safety and staffing

2. Lutria Jones, Warden of Care and Treatment; Responsible for overseeing inmate medical care

3. Eric Cox, Warden of Security; Responsible for inmate safety and housing assignments

4. John/Jane Does 1-X, whose identities are presently unknown, but who were involved in decisions affecting Plaintiffs safety and medical care. All defendants acted under color of state law and their official and individual capacities

06/18/2025

II BASIS FOR JURISDICTION (CONTINUED)  SEE PAGE 3

B. OF THE ASSAULT. THIS ALLOWED A GROUP OF GANG-AFFILIATED INMATES TO STAB AND SEVERELY INJURE ME WITH WEAPONS, CAUSING LIFE-THEARTING INJURIES AND LONG TERM PHYSICAL DAMAGE.

ADDITIONALLY, THE FAILURE TO PROVIDE TIMELY AND ADEQUATE MEDICAL CARE FOR MY INJURIES AND THE ONGOING DENIAL OF NECESSARY PHYSICAL THERAPY CONSTITUTE DELIBERATE INDIFFERENCE TO MY SERIOUS MEDICAL NEEDS, WICH IS ALSO A VIOLATION OF THE EIGHTH AMENDMENT.

THE GRIEVANCE PROCESS HAS ALSO BEEN USED IN A WAY THAT DENIED ME REDRESS, POTENTIALLY VIOLATING MY FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS, AS MY GRIEVANCE WAS WRONGFULLY DEEMED UNTIMELY AND THEN ADMINISTRATIVELY CLOSED, DESPITE THE CIRCUMSTANCES.

THEREFORE, I AM ALLEGING VIOLATIONS OF MY :
• EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT DUE TO FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE TO MY MEDICAL NEEDS.
• FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS IN THE GRIEVANCE AND POST-ASSAULT MEDICAL CARE PROCESS.

06/18/2025

II BASIS FOR JURISDICTION (CONTINUED) SEE PAGE 4

D. As a supervisory official responsible for overseeing the medical care of inmates. Despite being aware of the serious medical needs outlined by specialists, the defendant failed to provide adequate follow-up care and necessary physical therapy, demonstrating deliberate indifference to a serious medical need. The warden of security was acting under color of state law in supervising the safety, staffing, and security procedures at this prison. This defendant failed to maintain sufficient security personnel on the day of the assault, creating a foreseeable and preventable risk of harm, and thereby contributed to the constitutional violation under the Eighth Amendment.

06/18/2025

IV. STATEMENT OF CLAIM (CONTINUED)   SEE PAGE 4

B. STATE PRISON AND ASSIGNED TO WORK AS A BARBER IN THE PRISON GYM. WHILE WAITING TO BE PICKED UP FOR WORK, I WAS VIOLENTLY ASSAULTED AND STABBED MULTIPLE TIMES BY APPROXIMATELY FIVE GANG-AFFILIATED INMATES. THERE WERE NO CORRECTIONAL OFFICERS PRESENT IN THE CONTROL OR THE YARD DURING THIS TIME TO PREVENT OR RESPOND TO THE ATTACK.

I SUSTAINED MULTIPLE LIFE-THREATENING INJURIES, INCLUDING 14 STAB WOUNDS, A BROKEN SHOULDER, SEVERED TENDONS IN MY LEFT ARM, A BRUISED LUNG WICH LATER BEGAN TO COLLAPSE AND NERVE DAMAGE TO MY HAND. AFTER THE ATTACK, I WAS EVENTUALLY DISCOVERED BY MY DETAIL SUPERVISOR (COACH CONE), WHO WITNESSED THE END OF THE INCIDENT AND CALLED FOR EMERGENCY ASSISTANCE. I WAS TRANSPORTED TO THE MEDICAL UNIT AND THEN RUSHED TO THE HOSPITAL IN WAYCROSS WHERE I BECAME UNSTABLE BEFORE BEING TRANSFERRED TO SAVANNAH MEMORIAL MEDICAL CENTER, WHERE I UNDERWENT SURGERIES AND TREATMENT FROM AUGUST 14 TO AUGUST 29, 2024.

Following THIS I WAS TRANSFERRED TO COASTAL STATE PRISON, WHERE I RECEIVED LIMITED PHYSICAL THERAPY FOR MY BROKEN SHOULDER. HOWEVER, WARE STATE PRISON FAILED TO PROVIDE NECESSARY ONGOING MEDICAL TREATMENT OR PHYSICAL THERAPY FOR MY INJURIES, CAUSING CONTINUED PAIN, LOSS OF FUNCTION, AND SUFFERING, DESPITE FILING A GRIEVANCE REGARDING THESE EVENTS, MY GRIEVANCE WAS DENIED AS UNTIMELY AND LATER ADMINISTRATIVELY CLOSED.

06/18/2025

IV. STATEMENT OF CLAIM (CONTINUED)   SEE PAGE 5

D. INCLUDING A BROKEN SHOULDER AND SEVERED TENDONS IN MY ARM. COACH CONE, MY WORK DETAIL SUPERVISOR (BARBER DETAIL IN THE GYM), WITNESSED THE END OF THE ASSAULT WHEN HE ARRIVED TO PICK ME UP. HE IMMEDIATELY CALLED IT IN OVER THE RADIO. LIEUTENANT FAIRCHILD RESPONDED AND WALKED ME OUT OF THE BUILDING. OFFICER LUKE ASSISTED ME ONTO A MEDICAL CART DUE TO MY INABILITY TO WALK AND DIFFICULTY BREATHING. MEDICAL STAFF ASSESSED MY CONDITION AND DETERMINED I NEEDED EMERGENCY HOSPITAL TREATMENT. WHILE WAITING FOR THE AMBULANCE, PRISON STAFF LINED UP SEVERAL INMATES INVOLVED IN THE ATTEMPTED MURDER ON THE YARD. ONLY ONE INDIVIDUAL WAS REPORTEDLY PLACED IN LOCKDOWN, AND NONE HAVE BEEN CHARGED TO THIS DAY. I WAS TRANSPORTED TO A HOSPITAL IN WAYCROSS GEORGIA, WHERE I WAS FOUND TO HAVE 14 OPEN WOUNDS, REQUIRING OVER 100 STAPLES AND 12 STITCHES. MY LEFT SHOULDER WAS BROKEN, TENDONS IN MY LEFT ARM SEVERED, AND MY LUNG WAS BRUISED AND BEGINNING TO COLLAPSE, AND I BECAME UNSTABLE. I WAS TRANSFERRED TO SAVANNAH MEMORIAL CENTER FOR EMERGENCY SURGERIES AND A BLOOD TRANSFUSION. I REMAINED HOSPITALIZED FROM AUGUST 14, TO AUGUST 29 2024. FOLLOWING DISCHARGE I WAS TRANSFERRED TO COASTAL STATE PRISON AND PLACED IN SEGREGATION FROM AUGUST 29 TO OCTOBER 24, 2024 WITHOUT PROPER JUSTIFICATION. I RECEIVED SOME PHYSICAL THERAPY FOR MY SHOULDER AT COASTAL, BUT TO DATE I HAVE NOT RECEIVED NECESSARY FOLLOW-UP TREATMENT OR THERAPY FOR MY INJURIES FROM WARE STATE PRISON. I CONTINUE TO SUFFER EXTREME PAIN, LIMITED USE OF MY LEFT ARM AND HAND, AND ONGOING SLEEP DISRUPTION DUE TO MY INJURIES. DESPITE NUMEROUS SICK CALL REQUESTS, I HAVE RECEIVED INADEQUATE MEDICAL CARE, IN VIOLATION OF MY EIGHTH RIGHTS UNDER U.S. CONSTITUTION, DUE TO

(SEE BACK OF PAGE)

DELIBERATE INDIFFERENCE TO MY SERIOUS MEDICAL NEEDS AND
FAILURE TO PROTECT ME FROM KNOWN DANGERS.

06/18/2025

SEE

V. INJURIES          PAGE 5

Due to the severity of my injuries, I was transported by ambulance to a hospital in Waycross, Georgia, where I received over 100 staples and 17 stitches to close my wounds. My broken shoulder and severed tendons required emergency surgery at Savannah Memorial Medical Center, where I was transferred and remained hospitalized from August 14, to August 29 2024. After discharge, I was transferred to Coastal State Prison, where I was placed in segregation until October 24, 2024. During that time, I received limited physical therapy for my shoulder. However I have not received any follow-up care or physical therapy for my arm, hand, or hip injuries since leaving the hospital. I have filed numerous sick call requests, but my requests for treatment and therapy have largely gone unanswered. As a result, I continue to experience:

- Severe pain in my wounds and joints
- Limited mobility in my left arm and hand
- Sleep disruption due to pain
- Ongoing burning sensations in my stab wounds
- Difficulty using my hand for daily tasks

The surgeon informed me I would need "aggressive physical therapy" to regain function in my arm and hand, but I have not received that therapy. The failure to provide this necessary care continues to cause me unnecessary pain, suffering, and long-term damage, in violation of my rights under the eighth amendment.

06/18/2025

VI  RELIEF (CONTINUED)        SEE
                             PAGE 5

BASIS FOR MY CLAIMS (CONTINUED)

PROTECT ME. • I WAS STABBED MULTIPLE TIMES, RESULTING IN
PERMANENT PHYSICAL DAMAGE, INCLUDING A BROKEN SHOULDER,
SEVERED TENDONS, AND A PARTIALLY COLLAPSED LUNG. • AFTER THE
ATTACK I RECEIVED INADEQUATE FOLLOW-UP CARE AND CONTINUE
TO SUFFER FROM SEVERE PAIN, STIFFNESS, LIMITED MOBILITY, AND
INABILITY TO SLEEP OR FUNCTION NORMALLY. • MY REQUESTS FOR
MEDICAL CARE AND PHYSICAL THERAPY HAVE BEEN REPEATEDLY
IGNORED, CAUSING ONGOING HARM AND PROLONGED SUFFERING.
• I WAS PLACED IN SEGREGATION WITHOUT CAUSE, WICH ADDED TO
MY PHYSICAL AND EMOTIONAL DISTRESS

06/18/2025

SEE PAGE 9

VII EXHAUSTION OF ADMINISTRATIVE REMEDIES ADMINISTRATIVE PROCEDURES

E.2 DENIED ADEQUATE MEDICAL CARE, INCLUDING PHYSICAL THERAPY, PAIN
RELIEF, AND TREATMENT FOR NERVE AND TENDON DAMAGE. I FURTHER
CLAIMED THAT I WAS PLACED IN SEGREGATION AT COASTAL STATE
PRISON WITHOUT CAUSE AND THAT MY REPEATED SICK CALL REQUESTS
WERE IGNORED. I REQUESTED ADMINISTRATIVE REMEDIES INCLUDING:
A) THE ABILITY TO EXHAUST REMEDIES,
B) A MEDICAL MATTRESS TO REDUCE PAIN,
C) A TENS UNIT FOR TENDON AND NERVE INJURIES,
D) PHYSICAL THERAPY, AND
E) PROTECTION FROM RETALIATION

E.4 I BELIEVE THE GRIEVANCE PROCESS IS FUNCTIONALLY COMPLETED, OR
OTHERWISE UNAVAILABLE TO ME.

06/18/2025

SEE PAGE 2

**VII** Exhaustion of Administrative Remedies Administrative Procedures

**G.** Segregation without Justification From August 29 to October 24, 2024, which Restricted My Access to the Grievance Process. Despite these challenges, I submitted a Grievance as soon as I was able. It was Denied "untimely" even though my Delay was Due to Hospitalization and limited Access to Forms and Assistance. I Appealed the Denial, and after several months, the Appeal was Administratively closed with No Meaningful Review. I Also submitted Repeated sick call Requests Regarding continued Medical Neglect, wich were ignored. These Facts show that Although I made Multiple Good-Faith Attempts to Exhaust the Grievance Process, the system was effectively unavailable to me.

06/18/2025

SOP 227.02
Attachment 11

## WARDEN'S/SUPERINTENDENT'S
## REJECTED GRIEVANCE RESPONSE

**WARDEN'S OFFICE**
**RECEIVED**
DATE 11/20/24
REC'VD BY _me_

Offender's Name: Brown, Clarence    Grievance Number: 374796
GDC#: 1003239790    Facility: Ware State Prison

This grievance revealed that you failed to follow the proper procedure for filing the formal grievance; therefore, this grievance is rejected for the following reason(s):

☐ Does not personally affect the offender.

☐ Matters over which the Department has no control, including parole decisions, sentences, probation revocations, court decisions, and any matters established by the laws of the state.

☐ Disciplinary actions, including any warnings, sanctions, fees, or assessments. The disciplinary appeal procedure is located in SOP 209.01, Offender Discipline.

☐ Involuntary assignments to Administrative Segregation. The procedure to appeal such assignment is located in SOP 209.06, Administrative Segregation.

☐ Co-pay charges assessed for health care. The procedure to appeal such charges is located in SOP 507.04.03, Offender Health Concerns or Complaints.

☐ Transfers of offenders between institutions.

☐ Housing assignments, program assignments, security classifications or work assignments, unless there is an alleged threat to the offender's health or safety. The procedure to appeal such assignments is located in SOP 220.03, Classification Committee.

☐ Special Religious Requests that request a special religious accommodation outside the accommodations allowed for by policy. The procedure to file a Special Religious Request is located in SOP 106.11, Religious Accommodations.

☐ Allegations of Sexual Abuse and/or Sexual Harassment shall be forwarded to the Sexual Abuse Response Team (SART) and processed in accordance with SOP 208.06, Prison Rape Elimination Act – PREA Sexually Abusive Behavior Prevention and Intervention Program.

☒ Grievance was filed out of time frames as outlined in policy.

☐ Grievance included threats, profanity, insults, or racial slurs that are not part of the offender's allegation.

☐ Grievance contained more than one issue/incident.

☐ Grievance contained extra pages other than those allotted and had writing on the backside of a page.

☐ Goal Devices including issuance, usage, access, loss or termination of privileges, repair or replacement of the tablets, etc.

_____    11/21/2024
Warden's Signature    (Date)

ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

_____    11/25/2024
Offender's Signature    (Date)

You have seven (7) calendar days within which to appeal this Response to your Grievance Coordinator.
If the last day is not a business day at your institution, you may file it on the next day that is a business day.

Retention Schedule: Upon Completion, this form shall be maintained with the grievance packet for four (4) years and then destroyed



**Georgia Department of Corrections**
Office of Investigations and Compliance
P.O. Box 1529
Forsyth, Georgia 31029

Brian P. Kemp                                          Tyrone Oliver
Governor                                               Commissioner

## MEDICAL GRIEVANCE FORWARDED TO HEALTH SERVICES

Offender's Name: Brown, Clarence          Grievance Number: 374796

GDC#: 1003239790                          Facility:  Ware State Prison


A member of my staff has reviewed this grievance.  In the inmate's written statement he alleges that he is not receiving proper medical care after being assaulted by other offenders.


Due to the nature of this complaint, this grievance is being forwarded to Health Services for review and any action deemed appropriate. Supporting medical documentation is attached.

02/28/2025



**Georgia Department of Corrections**
**Office of Health Services**
**Utilization Management**
300 Patrol Road
Suite 400, Upshaw
Forsyth, Georgia 30129



Brian P. Kemp
Governor

Tyrone Oliver
Commissioner

# <u>GRIEVANCE APPEAL RESPONSE</u>

**INMATE: BROWN, CLARENCE**
**GDC#: 1003239790**
**Grievance: 374796**
**INSTITUTION: Ware SP**

**The office of Health Services Clinical Staff has reviewed your grievance appeal. Your grievance appeal has been administrative closed.**

**Office of Health Services**

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

_____     04/23/2025
Offender's signature                    (date)

[Type here]

