**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

CLARENCE BROWN,

        Plaintiff,

        v.

ROY ODUM, LUTRIA JONES, ERIC COX,
and DOES 1–10,

        Defendants.

CIVIL ACTION NO.: 5:25-cv-62

## O R D E R

Plaintiff filed this action under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court

for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS**

**without prejudice** Plaintiff's official capacity claims and Plaintiff's claims relating to his

grievance process.  However, I **FIND** that Plaintiff's remaining § 1983 claims may proceed.

Specifically, the Court will direct service, by separate Order, of Plaintiff's Eighth Amendment

failure to protect, deliberate indifference, and conditions of confinement claims.[1]

### PLAINTIFF'S CLAIMS[2]

Plaintiff sues Warden Roy Odum, Deputy Warden Lutria Jones, and Deputy Warden Eric

Cox.  Doc. 1 at 12.  Plaintiff also sues John Does.  Id.  Plaintiff does not specify these

individuals' identities, but it appears that they are staff at Ware State Prison.  Id.

---

[1]      Plaintiff has consented to the undersigned's plenary review.  Doc. 6.

[2]      All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff is incarcerated at Ware State Prison. Id. at 11. On August 14, 2024, five gang-affiliated inmates attacked Plaintiff, stabbing and hitting him multiple times. Id. at 5. Plaintiff suffered extensive physical injuries. Id. Correctional officers did not observe the stabbing. Id. After undergoing treatment, Plaintiff was placed in segregated detention, where he tried to file a grievance and sick call requests. Id. at 21. The grievance and sick call requests were then denied or ignored. Id. Since the attack, Plaintiff has suffered from continuing pain, limited mobility, and poor sleep but has gone without necessary medical care and physical therapy. Id.

Plaintiff brings four claims. First, Plaintiff brings Eighth Amendment failure to protect claims, asserting that the absence of correctional officers in the vicinity at the time of the incident "allowed the attack to occur." Id. at 5. Second, Plaintiff brings Eighth Amendment deliberate indifference claims, asserting that Defendants neglected his medical needs. Id. at 13. Third, Plaintiff brings Eighth Amendment conditions of confinement claims, asserting that his post-assault medical care was deficient.[3] Id. Fourth, Plaintiff brings Fourteenth Amendment due process claims, asserting that Defendants' actions deprived him of access to the grievance process. Id.

Plaintiff requests monetary damages. Id. at 5. He also requests injunctive relief in the form of an "order that [he] receive[s] immediate and ongoing medical care, including physical therapy and treatment for [his] injuries." Id.

---

[3] Plaintiff describes this claim as a "Fourteenth Amendment right to due process" claim in his Complaint, asserting that the "post-assault medical care process" was deficient. Doc. 1 at 13. But Plaintiff has been convicted. Id. at 4. "The Due Process Clause of the Fourteenth Amendment protects a pre-trial detainee, and the protection corresponds with that provided to prisoners by the Eighth Amendment." Harris v. Coweta County, 21 F.3d 388, 393 n.6 (11th Cir. 1994). Thus, I construe Plaintiff's claim relating to his post-assault medical care as an Eighth Amendment conditions of confinement claim.

**STANDARD OF REVIEW**

A federal court must conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and thus must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  But Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**DISCUSSION**

I.      **Official Capacity Claims for Monetary Damages**

Plaintiff names all Defendants in both their individual and official capacities.  Doc. 1 at 2–3.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants

in their official capacities.  States are immune from private suits under the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

The State of Georgia would be the real party in interest in a suit against Defendants in their official capacities.  Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.     Grievance Process Claims

Plaintiff alleges that Defendants' "use[] [the grievance process] in a way that denied [him] redress[] potentially violat[ed his] Fourteenth Amendment right to due process."  Doc. 1 at 13.  But there is no constitutionally protected interest in a grievance process, including the investigation of grievances.  The Eleventh Circuit has joined other Circuits in holding "a prison grievance procedure does not provide an inmate with a constitutionally protected interest . . . ."  Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").  "Simply put, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983."  Wromas v. Cruz, No. 2:17-cv-155, 2018 WL 2318038, at *2 (M.D.

Fla. May 22, 2018).  Accordingly, I **DISMISS** Plaintiff's claims against Defendants relating to alleged deficiencies in the grievance process.

**CONCLUSION**

For the foregoing reasons, I **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities and his Fourteenth Amendment claims related to the grievance process.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's Eighth Amendment failure to protect, deliberate indifference, and conditions of confinement claims.

**SO ORDERED**, this 23rd day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA